UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimberly Ann Black,

    Plaintiff,

v.                                  Case No. 13-12319

Citibank, *et al.*,                      Honorable Sean F. Cox

    Defendants.
_____/

## ORDER DISMISSING ACTION
## FOR LACK OF SUBJECT MATTER JURISDICTION

Acting *pro se*, on May 24, 2013, Plaintiff Kimberly Ann Black filed this suit against multiple defendants.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiff's complaint, the Court was not persuaded that Plaintiff has adequately alleged the necessary facts to establish the existence of subject matter jurisdiction. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Thereafter, Counsel entered an appearance on behalf of Plaintiff. On June 18, 2013, Counsel for Plaintiff filed a response to the Show Cause Order, indicating that Plaintiff intends to file an Amended Complaint, and asking the Court to vacate the Show Cause Order. In an Order issued on June 19, 2013 (Docket Entry No. 16), this Court ordered as follows:

> The Court hereby ORDERS that if Plaintiff wishes to file an Amended Complaint, she shall file her Amended Complaint no later than **June 30, 2013**. *If Plaintiff files an Amended Complaint by that date, this Court will make a determination as to subject matter jurisdiction based on the Amended Complaint filed by Plaintiff.*
> IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by that date, this Court will make a determination regarding subject matter jurisdiction based upon Plaintiff's original complaint.
> IT IS FURTHER ORDERED that the time for Defendants to file their first responsive pleading shall be extended until fourteen (14) days after this Court has resolved the jurisdictional issue in this action.
> IT IS SO ORDERED.

(*Id.* at 2) (bolding in original; italics added for emphasis).

On July 1, 2013, Plaintiff filed her First Amended Complaint. (Docket Entry No. 17). Having reviewed Plaintiff's First Amended Complaint, this Court concludes that it lacks subject matter jurisdiction over this action.

Plaintiff's First Amended Complaint asserts that this Court has diversity jurisdiction over this action. (*See* First Am. Compl. at ¶ 1). Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that *complete diversity of citizenship* exists between the disputing parties. Complete diversity means that no plaintiff is a citizen of the same state as any defendant. *Glancy v. Taubaun Ctrs, Inc.*, 313 F.3d 656, 664 (6th Cir. 2004).

Here, Plaintiff's complaint reflects that complete diversity does not exist because Plaintiff is a citizen of Michigan (*see* First Am. Compl. at ¶ 4) and so are two of the named Defendants. (*See* First Am. Compl. at ¶¶ 9 & 13).[1]

Accordingly, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE

---

[1] In addition, there are no federal claims in Plaintiff's First Amended Complaint. This Court therefore does not have federal question jurisdiction over this action.

FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

          S/Sean F. Cox
          Sean F. Cox
          United States District Judge

Dated: July 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 1, 2013, by electronic and/or ordinary mail.

          S/Jennifer McCoy
          Case Manager